UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MOSES JOLAOSO OLUWATOMISIN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX, *et al.*,<br><br>Respondents. | Case No.  1:26-cv-04113  (VC)<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 2 |

The Court DENIES Petitioner's motion for a temporary restraining order. Both parties agree that Petitioner is detained pursuant to 8 U.S.C. § 1226(a), which entitles him to a bond hearing. *See* Dkt. No. 12 at 2–3; Dkt. No. 9 at 1. However, the parties dispute the correct burden of proof. Dkt. No. 12 at 3. The Court finds that, on this limited factual record, Petitioner has not shown a strong likelihood of success on his argument that due process requires shifting the burden to the government.

In *Rodriguez v. Garland*, the Ninth Circuit held that—under the factual circumstances of that case—due process did not require that the Court order a second § 1226(a) bond hearing at which the government bore the burden of proof by clear and convincing evidence. 53 F.4th 1189, 1203 (9th Cir. 2022). In so holding, the Court explained that "§ 1226(a)'s procedures satisfy due process, both facially and as applied to [the Petitioner]." *Id*. at 1213. However, the Court did "not foreclose all as-applied challenges to § 1226(a)'s procedures[,]" noting that "'[d]ue process is a flexible concept that varies with the particular situation.'" *Id*. (quoting *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017)). Here, Petitioner has not pointed to any individualized facts

suggesting that § 1226(a)'s procedures are unconstitutional as-applied to him, and warranting shifting of the burden of proof. The Court therefore cannot conclude that Petitioner has raised "serious questions" going to the merits of his constitutional claim. Consequently, the Court declines to analyze the remaining *Winters* factors.

To be clear, this does not foreclose an as-applied challenge with respect to the ultimate petition. After further development of the factual record, an as applied challenge to petitioner's § 1226(a) hearing, or additional relief, may be warranted. However, the Court is unable to make that finding now with the facts before it.

The Court also notes that a 1226(a) bond hearing was allegedly held for Petitioner on June 17, 2026. Dkt. No. 9 at 2. In light of this, the Court ORDERS Respondents to submit a status report on the outcome of said hearing by June 26, 2026. The status report should include the Immigration Judge's order and Petitioner's I-213 form. The Court will set a briefing schedule on the petition following submission of the status report.

**IT IS SO ORDERED.**

Dated: June 23, 2026

_____
VINCE CHHABRIA
United States District Judge